**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

V.                     **CASE NO. 5:07-CR-50010-001**

**MICHAEL FORTINO**                                                          **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court is Defendant Michael Fortino's *pro se* Motion for Compassionate Release and accompanying supplements (Docs. 57, 59, 64, 73, 74). The Government filed a Response and submitted Mr. Fortino's medical records (Docs. 65, 66, 67). Mr. Fortino also filed a Reply (Doc. 72). The Court later appointed the Federal Public Defender to consider Mr. Fortino's Motion and to file any supplemental briefing that it deemed necessary. Public Defender Anna Williams then filed a Notice indicating that no additional supplements would be forthcoming (Doc. 83). Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons explained below.

**I. BACKGROUND**

On October 2, 2007, Mr. Fortino pleaded guilty to a one-count information for knowing transportation of child pornography in interstate and foreign commerce by computer. At sentencing, the Court considered written letters of support presented by Mr. Fortino that urged the Court to be lenient. One such submission was from the minor victim's family and another was from an individual with whom Mr. Fortino had a child. After considering these materials, the Court sentenced Mr. Fortino at the bottom of his Guideline range to 135 months, the bottom of the Guideline range, 20 years of supervised release, a fine of $10,000.00, and a special assessment of $100.00 (Doc. 15). Three

days later, the Government filed a motion to vacate the sentence (Doc. 18) in which it argued that Mr. Fortino forged the correspondence from the victim's family and from his former partner.  The Court held a hearing on this motion and found that Mr. Fortino had committed a fraud on the Court.  The Court then issued an order vacating Mr. Fortino's original sentence (Doc. 22) and entered an amended judgment in which it sentenced him to 240 months' imprisonment, supervised release for life, a $250,000.00 fine, and a $100.00 special assessment (Doc. 27).  Mr. Fortino appealed the amended judgment, and the Eighth Circuit affirmed (Doc. 34-1).

Now, Mr. Fortino seeks compassionate release or a reduction of his sentence to home confinement pursuant to the First Step Act.  He alleges that the COVID-19 pandemic, in conjunction with his high cholesterol and latent tuberculosis, constitute extraordinary and compelling reasons that justify his early release.  Mr. Fortino is currently housed at FCI Seagoville, and he alleges that the protocols imposed at that facility are insufficient to prevent the spread of COVID-19.  Notably, however, the BOP reports that at present there are only 10 inmates and one staff member with active cases of COVID-19 at FCI Seagoville out of a population of 1,755 total inmates.  *See* Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed Nov. 2, 2020); Fed. Bureau of Prisons, FCI Seagoville, https://www.bop.gov/locations/institutions/sea/ (last accessed Nov. 2, 2020).

## II.  LEGAL STANDARD

Mr. Fortino's request for reduction of sentence and compassionate early release is made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA").  In the past, 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's

term of imprisonment only upon the motion of the Director of BOP. The FSA modified § 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the FSA); see *also United States v. Perez-Asencio*, 2019 WL 626175, at *2–3 (S.D. Cal. Feb. 14, 2019).

If a defendant fully exhausts administrative remedies, the court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Mr. Fortino does not meet the requirements of § 3582(c)(1)(A)(ii) as he is not yet 70 years old, so his only possible avenue for compassionate release is under § 3582(c)(1)(A)(i).

The starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is United States Sentencing Guideline ("U.S.S.G") § 3B1.13. As is relevant here, Application Note 1(A)(ii)(I) of § 1B1.13 indicates that the

medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, other courts have held that § 1B1.13 and its application notes provide guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Fortino's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner.  18 U.S.C. § 3582(c)(1)(A)(i).  The Government presents proof that Mr. Fortino requested compassionate release from his warden and that such permission was denied on April 10, 2020.  *See* Doc. 65-2.  Accordingly, the Government concedes that Mr. Fortino has exhausted his administrative remedies.  Since Mr. Fortino petitioned his warden for early release on April 10 and because more than 30 days have lapsed since then, the Court finds that Mr. Fortino has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

## B. Section 3553(a) Factors

The Court acknowledges that Mr. Fortino may be at an elevated risk of a severe COVID-19 infection in light of his medical history of latent tuberculosis and high cholesterol. But even so, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The circumstances of this case include the fact that Mr. Fortino was originally sentenced to 135 months' imprisonment, but that sentence was vacated because he forged a letter from the family of a minor victim in an attempt to convince the Court to impose a more lenient sentence. Due to this fraud upon the Court, Mr. Fortino's original sentence was vacated and he was sentenced to 240 months' imprisonment. This is extremely serious conduct that weighs against early release. Indeed, Mr. Fortino's prior behavior makes it difficult for the Court to credit the representations regarding rehabilitation or cooperation made in his Motion and supplements. Further, counting from the date of his original judgment, it appears that Mr. Fortino has now served approximately 156 months—or approximately 65%—of his 240-month sentence of imprisonment. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Fortino to complete his prison sentence in 156 months would create a significant disparity with other defendants who have been held responsible for similar offenses. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 240 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Fortino has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release of Mr. Fortino.[1]

### IV. CONCLUSION

**IT IS THERFORE ORDERED** that Michael Fortino's *pro se* Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED** on this 9th day of November, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Fortino asks to serve the remainder of his sentence in home confinement, the First Step Act gives only the BOP—not the Court—the power to decide where Mr. Fortino serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).